# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SHERRY W.[1]**, | Case No. 3:19-cv-390-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **ANDREW M. SAUL,** Commissioner of Social Security, | |
| Defendant. | |

Kevin Kerr, SCHNEIDER KERR & ROBICHEAUX, P.O. Box 14490, Portland, OR 97203. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Ryan Ta Lu, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Sherry W. brings this action under § 205(g) of the Social Security Act ("the Act"), *as amended*, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's application for supplemental social security income ("SSI") under Title II of the Act. For the reasons that follow, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A. Plaintiff's Application

Sherry W. ("Plaintiff") applied for SSI on February 18, 2015, alleging disability beginning December 1, 2010. AR 263. She later amended the alleged onset date to February 18, 2015—her date of application. AR 94. Plaintiff was born on August 1, 1968, making her 46 years old as of the date of the amended disability onset. The Social Security Administration denied her claim both initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 163, 168. Plaintiff attended her hearing in October 2017. AR 92-123. In January 2018, the ALJ issued an unfavorable decision, denying Plaintiff's SSI claim. AR 40-63. Plaintiff requested review from the Appeals Council. AR 262. The Appeals Council denied Plaintiff's request in January 2019, making the ALJ's decision the final decision of the Commissioner. Plaintiff seeks judicial review of that decision.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.  Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay

or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.      Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.      Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.      Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also*

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the

Commissioner must show that the claimant can perform other work that exists in significant

numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966

(describing "work which exists in the national economy"). If the Commissioner fails to meet this

burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however,

the Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54;

*Tackett*, 180 F.3d at 1099.

**C.  The ALJ's Decision**

At step one of the sequential evaluation processes, the ALJ found that Plaintiff had not

engaged in substantial gainful activity since February 18, 2015, the application date. AR 45. At

step two, the ALJ found that Plaintiff suffered from the severe impairment of degenerative disc

disease. *Id.* At step three, the ALJ found that none of Plaintiff's impairments, alone or in

combination met or medically equaled one of the listed impairments in 20 C.F.R Part 404,

Subpart P, Appendix 1. AR 46. Between step three and step four, the ALJ formulated Plaintiff's

RFC. The ALJ determined that Plaintiff could

> perform medium work as defined in 20 CFR 416.967(c) except
> during an eight-hour day [Plaintiff] can stand and walk up to six
> hours and sit without limitation. She is limited to performing
> simple, routine work consistent with a[n] SVP of l or 2.

AR 47. At step four, the ALJ found that Plaintiff had no past relevant work. AR. 57. At step five,

relying on the testimony of a vocational expert ("VE"), the ALJ found that there were jobs that

existed in the national economy that Plaintiff could perform, identifying the representative

occupations of hand packager, industrial cleaner, and laundry worker. AR 57-58. Thus, the ALJ

concluded that Plaintiff is not disabled. AR 58.

## DISCUSSION

Plaintiff argues that the ALJ committed two errors. First, Plaintiff contends that the ALJ

improperly rejected the medical source opinion of Dr. Maughan, a treating physician. Second,

Plaintiff contends that the ALJ improperly rejected the medical source opinions of several non-

examining State Agency consulting physicians.

### A.  Medical Source Opinion of Dr. Maughan

The ALJ is responsible for resolving conflicts in the medical record, including conflicts

among physicians' opinions. *Carmickle*, 533 F.3d at 1164. The Ninth Circuit distinguishes

between the opinions of three types of physicians: treating physicians, examining physicians, and

non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, "a

treating physician's opinion carries more weight than an examining physician's, and an

examining physician's opinion carries more weight than a reviewing physician's." *Holohan v.*

*Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating physician's opinion is supported by

medically acceptable techniques and is not inconsistent with other substantial evidence in the

record, the treating physician's opinion is given controlling weight. *Id.*; *see also* 20 C.F.R.

§ 404.1527(d)(2). A treating doctor's opinion that is not contradicted by the opinion of another

physician can be rejected only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc.*

*Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating doctor's opinion is contradicted by the

opinion of another physician, the ALJ must provide "specific and legitimate reasons" for

discrediting the treating doctor's opinion. *Id.*

In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Orn*, 495 F.3d at 631. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may reject an examining, non-treating physician's opinion "in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), *as amended* (Oct. 23, 1995).

Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or that the opinion is brief, conclusory, and inadequately supported by clinical findings. *Bray*, 554 F.3d at 1228; *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1042-43. An ALJ errs by rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis" for the ALJ's conclusion. *Garrison*¸ 759 F.3d at 1013; *see also Smolen*, 80 F.3d at 1286 (noting that an ALJ effectively rejects an opinion when he or she ignores it).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation

thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). In other words, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). "[T]he opinion of a non-examining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted); *but see id.* at 600 (opinions of non-treating or nonexamining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record).

Dr. Maughan examined Plaintiff in June 2015. AR 642-46. He opined that Plaintiff could lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. AR 646. Dr. Maughan also determined that Plaintiff was limited to occasional overhead reaching, forward reaching, and stooping. *Id.* The ALJ afforded Dr. Maughan's medical source opinion only "partial weight" because it was based on Plaintiff's subjective complaints and because it was inconsistent with Dr. Maughan's own objective medical findings and the other objective medical evidence in the record. Plaintiff objects to the ALJ's rejection of Dr. Maughan's lifting, carrying, pushing, and pulling limitations as well as the rejection of the limitation on occasional reaching in the overhead and forward directions. Because Dr. Maughan is an examining physician, the question is whether these are "specific, legitimate reasons" for discrediting Dr. Maughan's opinion. *Lester*, 81 F.3d at 830.

One specific and legitimate reason for rejecting a treating physician's opinion is that the opinion is based largely on a claimant's subjective complaints, which the ALJ had properly discredited. *See Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). The ALJ thus rejected

Dr. Maughan's lifting, carrying, pushing, and pulling limitations because they were based on Plaintiff's self-reports. AR 54. The ALJ had already discredited Plaintiff's subjective symptom testimony. The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 47. Plaintiff does not challenge the ALJ's finding on that issue. Although Dr. Maughan also performed a physical examination, he cited only Plaintiff's subjective complaints to support his recommended lifting, carrying, pushing, and pulling limitations. *Id.* It was a "rational interpretation" for the ALJ to conclude that Dr. Maughan relied mainly on Plaintiff's subjective complaints in formulating these limitations. *Burch*, 400 F.3d at 679. Thus, the ALJ properly rejected Dr. Maughan's lifting, carrying, pushing and pulling limitations.

Plaintiff also argues that this reasoning does not apply to the ALJ's rejection of Dr. Maughan's postural and manipulative limitations because Dr. Maughan did not rely on Plaintiff's subjective symptom testimony to formulate those limitations. Dr. Maughan limited Plaintiff to occasional stooping "due to decreased forward motion during range of motion testing of her back." AR 646. Dr. Maughan also limited Plaintiff to occasional overhead and forward reaching with her right hand "due to her chronic right shoulder pain." *Id.* Yet it is a specific and legitimate reason to discredit a physician's opinion when the opinion is incongruent with the physician's medical records. *See Tommasetti*, 533 F.3d at 1041; *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) ("A conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician or another treating provider."). Here, the ALJ referred to the objectively normal results of Dr. Maughan's physical examination. AR 51, 55. The ALJ also noted that Dr. Maughan

observed "5/5 strength in the upper and lower extremities bilaterally" and "5/5" grip strength

bilaterally. *Id.* That evidence may be equivocal, but it "reasonably supports either confirming or

reversing the ALJ's decision." *Batson*, 359 F.3d at 1196. Thus, the Court cannot substitute its

own judgment for the ALJ's judgment on this issue.

## B.  Medical Source Opinions of State Agency Consultants

### 1.  Physical Limitations: Drs. Eder and Bernardo

Dr. Bernardo evaluated Plaintiff in July 2015 and Dr. Eder evaluated Plaintiff in October

2015. AR 133, 150. Dr. Bernardo limited Plaintiff to lifting and carrying 50 pounds occasionally

and 25 pounds frequently. AR 132. Dr. Eder limited Plaintiff to lifting and carrying 20 pounds

occasionally and 10 pounds frequently. Both agency consultants limited Plaintiff to occasional

overhead and forward reaching with her right arm and frequent pushing and pulling with her

right arm. AR 133, 150. The ALJ gave "partial weight" to the non-examining medical source

opinions of Drs. Eder and Bernardo. He found that the "longitudinal record does not support a

limitation to light exertion lifting and carrying" and that the "consultative examination reports

and cervical spine MRI study do not support the proposed limitations reading overhead and

forward reaching." AR 56. Plaintiff argues that the ALJ improperly rejected the lifting and

manipulative limitations recommended by Drs. Eder and Bernardo.

Although Dr. Eder recommended limiting Plaintiff to lifting 20 pounds occasionally

and 10 pounds frequently, Dr. Bernardo assess less restrictive limitations—he limited Plaintiff to

medium work. *See* 20 C.F.R. § 404.1567(c) (defining medium work as involving lifting 50

pounds occasionally and 25 pounds frequently). The Court must affirm the ALJ when the

evidence "reasonably supports either confirming or reversing the ALJ's decision." *Batson*, 359

F.3d at 1196. Drs. Eder and Bernardo disagreed about whether Plaintiff was limited to

performing light work or medium work. It was not irrational for the ALJ to agree with

Dr. Bernardo and limit Plaintiff to medium work. The ALJ also referred to the same inconsistencies in the record that justified the rejection of Dr. Maughan's medical opinion—that is, Plaintiff's "normal ranges of motion, strength, reflexes, and sensation" throughout her physical examination. AR 54. That was a proper reason to reject Dr. Maughan's medical opinion, and it is a proper reason to reject Dr. Eder's light work limitation. *See Ghanim*, 763 F.3d at 1161 (noting that it is a specific and legitimate reason to discredit a physician's opinion when the opinion is incongruent to the physician's medical records).

The ALJ also properly rejected the opinions of Drs. Eder and Bernardo on Plaintiff's manipulative limitations. The cervical spine MRI from May 2016 showed "no evidence of . . . chronic radiculopathy." AR 756. The MRI did show bilateral spinal stenosis that was worse on Plaintiff's right side, consistent with the proposed manipulative limitations. ECF 769. Any error, however, was harmless. Legal errors are harmless only if they are inconsequential to the non-disability decision. *See Stout*, 454 F.3d at 1055. The ALJ posed to the VE at the administrative hearing several hypotheticals, one of which included the proposed limitations on overhead and forward reaching. *See* AR 119. The VE responded that these limitations would not preclude full-time employment. *See id.* (VE responding to hypothetical about limiting individual to "occasional reaching in all directions with the right upper extremity which is the dominant extremity."). Thus, the ALJ would have found Plaintiff not disabled even if he had included the manipulative limitations in Plaintiff's RFC.

### 2. Psychological Limitations: Drs. Ju and Anderson

Dr. Ju evaluated Plaintiff in June 2015 and Dr. Anderson evaluated Plaintiff in October 2015. AR 130, 151. Both state agency consultants reached the same conclusions. They found that Plaintiff suffered from the severe mental health impairments of anxiety and substance addiction disorders. AR 149. They also opined that Plaintiff would have moderate difficulty in maintaining

social functioning and maintaining concentration, persistence, or pace. AR 151-52. They thus suggested limiting Plaintiff to simple routine tasks, that she have no more than occasional contact with the public and co-workers, and that she have a supportive, non-confrontational supervisor. AR 152-53. The ALJ afforded "partial weight" to the opinions of Drs. Ju and Anderson. AR 56. Plaintiff argues that the ALJ's rejection of the social limitations was too general. *See* ECF 13 at 5.

An ALJ errs by rejecting a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language" that does not offer a substantive basis for the ALJ's conclusion. *Garrison*, 759 F.3d at 1013. The ALJ found that the social limitations proffered by Drs. Ju and Anderson were unsupported by either "Dr. Curry's examination report" or "the medical and mental health treatment record generated thereafter." *Id.* Although Dr. Curry's examination from 2013 preceded the alleged onset date, the ALJ discussed "the mental health treatment record generated thereafter" in detail. The ALJ described Plaintiff's encounters with a series of psychological professionals after the onset date and noted that "when complaint [sic] with prescribed treatment, [Plaintiff's] psychological symptoms appear to be of mild severity." AR 51. That is an acceptable reason to reject the social limitations proffered by two non-examining physicians.

The additional mental health records submitted by Plaintiff are consistent with the ALJ's interpretation. One of Plaintiff's clinicians noted that Plaintiff "has a long history . . . of medical non-compliance." AR 18. During other appointments, Plaintiff stated that "she does not experience anger/irritability on a daily basis, has sleep of 'at least' 8 hours a night, does not

experience panic attacks any longer, has utilized healthy communication skills learned in sessions, and has been able to maintain several healthy boundaries with others." AR 32.

## C.  ALJ Evaluation of Step Five Testimony

Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). Plaintiff argues that the ALJ erred by not including the limitations proffered by Dr. Maughan and the State Agency consultants. But as discussed above, the ALJ properly rejected these limits and Plaintiff acknowledges that the ALJ committed no independent error at step five. *See* ECF 13 at 5. Thus, the ALJ did not err in formulating Plaintiff's RFC or in the questions he posed to the VE at Plaintiff's administrative hearing.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 23rd day of July, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge